# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CORY D. BROWN,

                    Petitioner,

v.

WARDEN BOUGHTON,

                    Respondent.

Case No. 18-CV-265-JPS

**ORDER**

## 1.    INTRODUCTION

On January 19, 2018, state prisoner Cory D. Brown ("Brown"),[1] proceeding *pro se*, filed a one-page document captioned a "motion for stay and abeyance" pursuant to 28 U.S.C. § 2244(d). (Docket #2 at 1). The Court denied the motion on January 25, 2018, finding that to the extent Brown sought a simple extension of time to file a habeas petition, the Court could not grant it without information corroborating his federal filing deadline or supporting the application of equitable tolling. *Id.* at 2–3. Moreover, because the motion contained no detail as to the facts of Brown's conviction or the nature of his habeas claims, it did not present a valid "protective" habeas petition, filed to hold Brown's place in federal court while he exhausted his state court remedies. *Id.* at 3–4; *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Consequently, the Court denied the motion and dismissed the case. (Docket #2 at 4).

Brown filed an amended motion on February 12, 2018. *Id.* at 6–12. In it, he gave additional details about the nature of his conviction,

---

[1] The Court misspelled Brown's first name in prior orders. It rectifies that mistake here and will update its docket accordingly.

sentence, post-conviction proceedings, and federal habeas claims. *See id.* He claimed confusion about his federal filing deadline and requested a stay and abeyance while he completed the remaining state court exhaustion process. *See id.* But in an order dated February 21, 2018, the Court was obliged to deny this motion, too, as it lacked sufficient detail to qualify as a protective habeas petition. *See* (Docket #1 at 2–4). The Court gave Brown one more chance to file a complete habeas petition that could serve as a protective petition. *Id.* at 4. It further directed that this habeas action be opened in place of the existing miscellaneous action in which Brown's prior motions had been docketed. *Id.* at 4–5.

Unbeknownst to the Court, Brown had already filed a complete habeas petition, using the Court's form, which had been docketed in a separate action by the Clerk of the Court. (Docket #3). It was signed by Brown on February 14, 2018 and marked received by the Clerk of the Court on February 21, 2018. *Id.* at 1, 13. Because the Court now has before it a complete habeas petition necessary to proceed with screening under Rule 4 of the Rules Governing Section 2254 Proceedings, the Court will do so without requiring Brown to submit another copy of the petition as it directed in its February 21, 2018 order.[2]

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it

---

[2]Brown originally did not attach to his petition a copy of the relevant state court decisions regarding his post-conviction proceedings. This is required by the Court's form. *See* (Docket #3 at 3). The Court will not direct him to re-submit the petition, however, as it was able to locate the relevant decision from the Wisconsin Court of Appeals in the Westlaw database. *See State v. Brown*, 2016AP976–CRNM, 2017 WL 689685 (Wis. Ct. App. Feb. 20, 2017). Moreover, on February 28, 2018, Brown submitted a batch of records relating to his state conviction and post-conviction proceedings, within which is found the relevant state court decisions. *See* (Docket #6-1).

plainly appears from the face of the petition. . .that the petitioner is not entitled to relief." This Rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

2.  **BACKGROUND**

On October 16, 2013, Brown was found guilty by a jury of repeated sexual assault of a child and incest with a child, in Milwaukee County Circuit Court Case No. 2013CF1897. The charges arose from Brown's repeated sexual assaults against his biological daughter, A.B., on various occasions before her tenth birthday. He was sentenced to two concurrent terms of forty years, each with twenty-five years of initial confinement and fifteen years of extended supervision.

He filed a notice of intent to pursue post-conviction relief on October 18, 2013. His post-conviction motion was not filed until a year later, on October 15, 2014. The motion was denied in the trial court on October 22, 2014. On December 19, 2014, Brown's appellate and post-conviction attorney filed a no-merit report regarding his appeal, but the state appellate court directed counsel to consider several other potentially pertinent issues. Upon further consideration, counsel determined that there were in fact several meritorious issues for appeal. The Court of Appeals granted counsel leave to dismiss the no-merit report and file a new post-conviction motion.

That motion was denied by the trial court on December 3, 2015. Counsel again filed a no-merit report in the Court of Appeals. Brown did not oppose that report. On February 20, 2017, the Wisconsin Court of Appeals issued an order affirming Brown's conviction and rejecting all of the myriad ground for relief raised in his two post-conviction motions. *See Brown*, 2017 WL 689685. On April 6, 2017, the Wisconsin Supreme Court declined to exercise discretionary review over that decision, as Brown had not timely sought such review and the period for seeking it cannot be enlarged. *See* Wis. Stat. Rule 808.10(1); *First Wis. Nat'l Bank of Madison v. Nicholaou*, 274 N.W.2d 704, 706 (Wis. 1979).

3. **ANALYSIS**

   3.1 **Statute of Limitations**

As part of the screening process, the Court will first consider the timeliness of Brown's petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the United States Supreme Court, or if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, it appears that Brown's petition is timely. He timely initiated his appeal and post-conviction proceedings after sentencing. The Wisconsin Court of Appeals issued its final decision on February 20, 2017. Brown did not seek discretionary review in the Wisconsin Supreme Court within thirty days as required by Wisconsin law. *See* Wis. Stat. Rule

808.10(1). As a result, his judgment became final on March 20, 2017, the date when his time for seeking review with the State's highest court expired. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The instant petition was submitted on February 14, 2018, less than one year after his judgment became final. Thus, it does not appear that the petition is barred by the statute of limitations.

### 3.2 Exhaustion of State Court Remedies

Next, the Court analyzes whether Brown fully exhausted his state court remedies as to his claims in this proceeding. A district court may not address claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (if petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits"). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

#### 3.2.1 Brown Has Not Exhausted All of His Habeas Claims

Brown raises three claims in this proceeding. First, Brown complains that his due-process rights were violated when his initial

appearance did not occur until nearly a week after he was taken into custody. (Docket #3 at 6–7). Moreover, the initial appearance allegedly did not include a required warning about the mandatory minimum sentence Brown faced. *Id.* Second, Brown argues that he received ineffective assistance of counsel because he fired his trial counsel in May 2013 but the lawyer persisted in representing him before and during trial. *Id.* at 7. Third, Brown contends that he has a history of mental health problems and that his attorney was ineffective for failing to request a competency evaluation in the trial court. *Id.* at 8.[3]

Among these three claims, it appears that Brown has only exhausted his third ground for relief. Confusingly, Brown concedes that that he has not exhausted *any* of his grounds for relief. (Docket #3 at 6–8). His excuse is that his appellate counsel was ineffective for failing to

---

[3]There are two noteworthy aspects of Brown's claims for relief. First, all of Brown's claims sound fundamentally in ineffective assistance of counsel under the Sixth Amendment. His second and third grounds for relief are framed this way expressly, and his first ground, although it does not reference the Sixth Amendment, is necessarily predicated on counsel's ineffectiveness. The first ground suggests potential violations of *Gerstein v. Pugh*, 420 U.S. 103, 126 (1975), and *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), as well as Brown's due process rights attendant upon his initial appearance proceedings. However, such violations standing alone cannot form a basis for habeas relief. *See United States v. Daniels*, 64 F.3d 311, 314 (7th Cir. 1995) ("A failure to conduct a proper *Gerstein* hearing or even a refusal to conduct one does not invalidate an otherwise valid conviction."). Instead, on habeas review Brown must present a Sixth Amendment argument that counsel was ineffective for failing to raise such issues in the trial court. *See Goins v. Lane*, 787 F.2d 248, 252 (7th Cir. 1986). Thus, when properly considered, even Brown's first ground for relief is at its core a claim of ineffective assistance of trial counsel.

Second, Brown submits that "new evidence" forms a fourth ground for relief, but this evidence only goes to support his first three grounds. (Docket #3 at 9). The existence of new evidence is generally not an independent ground for habeas relief. Rather, it can only be considered within the framework of Brown's alleged constitutional violations as described in his other three grounds.

recognize these issues and raise them during post-conviction proceedings. *Id.*

Brown is correct about his failure to exhaust except as to his third ground, which alleges trial counsel's ineffectiveness for failing to request a competency hearing. The Wisconsin Court of Appeals expressly considered and rejected this argument during Brown's post-conviction proceedings. *Brown*, 2017 WL 689685, at *4. Thus, Brown's third ground has been fully exhausted.

This is likely true even though Brown now presents "new" evidence of his incapacity that was never given to the state courts. For the first time in any proceeding, Brown has submitted an affidavit by his brother, Leonard Brown, "on behalf of himself and family and other friends" who are all willing to testify about Brown's mental state before, during, and after his trial. (Docket #3-2 at 8). In his affidavit, Leonard avers that he is "positive that [Brown] was not mentally stable to stand trial during his trial in which he was convicted." *Id.* Attached to the affidavit is a letter, purportedly drafted by Brown's family and friends but signed by no one, which describes the writer's view of Brown's deteriorating mental state. *Id.* at 9. The letter and affidavit are dated in November 2017, showing they were drafted well after the close of Brown's post-conviction proceedings in early 2017. *Id.* at 9–10.

However, new evidence does not always equate with a failure to exhaust. Instead, the exhaustion requirement is satisfied if petitioner has fairly "presented the substance of his claim to the state courts." *See Vasquez v. Hillery*, 474 U.S. 254, 258 (1986). If new or additional facts proffered to the federal court do not fundamentally alter the claim or significantly strengthen the relevant evidence, they are not a barrier to

exhaustion. *See Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990); *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003). In Brown's case, it is not clear that his family members' statements add much to the incapacity equation, as they are not mental health experts, and their views certainly to do vary the underlying legal theory passed upon by the state court. Thus, although the Court does not foreclose Respondent from arguing that this new evidence raises an exhaustion problem, it finds that dismissal at the screening stage is unwarranted.

### 3.2.2 Brown's Mixed Petition Does Not Warrant a Stay and Abeyance

As explained above, only one out of Brown's three habeas claims has been properly exhausted. If a federal habeas petition contains exhausted and unexhausted claims, called a "mixed" petition, the district court may be required to dismiss the entire petition and leave the petitioner the choice of either returning to state court to exhaust the unexhausted claims or amending the petition to present only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Because Brown presents a "mixed" petition, the Court must give him that choice. He can either: (1) dismiss this petition in its entirety in order to exhaust his unexhausted claims in state court; or (2) elect to proceed on only the exhausted claim described above. If he dismisses the unexhausted claims, then the Court will be able to consider only his exhausted claim.

If Brown elects option (2) and wishes to dismiss his unexhausted claims and proceed only on his exhausted claim, then he should: (a) file an amended petition which does not include the unexhausted claims; and (b) file a separate letter telling the Court that he wishes to proceed only on his exhausted claim. If Brown elects option (1) and seeks to dismiss this

action in its entirety so that he may exhaust his unexhausted claims in state court, he may notify the Court of that decision by letter. The Court hereby warns Brown that, if he proceeds only on the exhausted claim, he may not be able to proceed on his other claims in a second or successive petition. *See* 28 U.S.C. § 2244(b)(2). Similarly, if he dismisses his petition to exhaust the unexhausted claims, he will run the risk that the one-year statute of limitations will expire before he returns to federal court. *See id.* § 2244(d).[4] Whichever course of action Brown elects to take, the Court will require him to file his amended petition or letter as described herein within **thirty (30) days** of the entry of this Order.

In some cases, the Court gives a petitioner presenting a mixed petition the option to move for a stay and abeyance to allow him to return to state court to exhaust his unexhausted claims. Under *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court should grant a stay and abeyance when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." That seems to be what Brown wants in this case, given that he readily admits his failure to exhaust and his first two submissions purported to be "protective" habeas petitions.

But Brown has not come close to demonstrating that good cause excuses his failure to exhaust, and so the Court will not leave him the

---

[4]Brown's one-year limitations period does not expire until, at earliest, March 20, 2018, as noted above. Because Brown could still move expeditiously to pursue state post-conviction relief and toll the federal limitations period, *see* 28 U.S.C. § 2244(d)(2), the Court's ruling does not "effectively end any chance at federal habeas review" by dismissing the petition at a time when it is too late to re-file, *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

option of a stay and abeyance. Requiring a showing of good cause before entertaining a stay is critical because staying a federal habeas petition: (1) frustrates the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") "objective of encouraging finality of state court judgments by allowing a petitioner to delay the resolution of the federal proceedings"; and (2) "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims." *Id.* at 270. There has been little development in the case law as to what constitutes good cause for a failure to exhaust. *See Wilson v. Thurmer*, No. 08-cv-285-bbc, 2008 WL 4762053, at *5 (W.D. Wis. Oct. 29, 2008).

Brown contends that his failure to exhaust his first and second claims can be attributed to his appellate lawyer, who seems to have either failed to realize that the claims were important or simply refused to present them. Her actions do not excuse his failure to exhaust, however, even if one assumes that ineffective assistance of appellate counsel can constitute good cause under *Rhines*. *See id.* Brown knew that his post-conviction proceedings were concluded no later than April 2017, when the Wisconsin Supreme Court rejected his application for discretionary review. He has done nothing in the ten months since then to pursue exhaustion of his unexhausted grounds.

Wisconsin law permits prisoners like Brown to file successive post-conviction motions, so long as there was good cause for not raising grounds that might have been raised earlier. *Id.*; *State v. Escalona-Naranjo*, 517 N.W.2d 157, 162 (Wis. 1992); Wis. Stat. § 974.06(4). And ineffective assistance of appellate counsel may provide a sufficient reason for not raising an issue on direct appeal. *See State v. Knight*, 484 N.W.2d 540 (Wis. 1992). However, Brown has never presented a claim to the state courts

that his appellate counsel was ineffective. Brown may still raise this claim in state court by filing a *Knight* petition. The fact that the state courts are not likely to rule in his favor, either on a successive post-conviction motion or a supporting *Knight* petition, does not mean that the exhaustion requirement can be dispensed with. *Cawley v. DeTella*, 71 F.3d 691, 696 (7th Cir. 1995); *White v. Peters*, 990 F.2d 338, 342 (7th Cir. 1993).

In the nearly one-year timespan between the end of his post-conviction proceedings and the filing of this federal petition, Brown has filed neither a successive post-conviction motion raising his trial counsel's ineffectiveness nor a *Knight* petition raising his appellate counsel's failure to assert those ineffectiveness issues. He gives no reason at all for his failure. His *pro se* status is no excuse. *Smith v. Kemper*, Case No. 17-cv-434-pp, 2018 WL 987250, at *4 (E.D. Wis. Feb. 20, 2018); *Yeoman v. Pollard*, 875 F.3d 832, 838 (7th Cir. 2017). His dilatoriness in pursuing these unexhausted claims, coupled with the Supreme Court's admonition that stay and abeyance "should be available only in limited circumstances," convinces the Court that no stay and abeyance should be permitted in this case. *Rhines*, 544 U.S. at 277.

In attempting to frame his filings as a "protective" habeas petition, Brown relies upon his confusion about his federal filing deadline as a reason for stay and abeyance. *See* (Docket #2 at 1, 6). His argument rests on a misreading of the Supreme Court's decision in *Pace*, 544 U.S. 408. As the Seventh Circuit in *Yeoman* explained:

> The *Pace* Court addressed the possible plight of a petitioner, trying in good faith to exhaust state remedies, who might litigate in state court for years only to find out that his claim was never "properly filed," and thus his federal habeas petition is time-barred. In order to avoid that predicament,

> the Supreme Court suggested that a petitioner seeking state court post-conviction relief could also file a "protective" petition in federal court and ask the federal court to stay and abey federal habeas proceedings until state remedies were exhausted. *Pace*, 544 U.S. at 416, 125 S. Ct. 1807. Citing *Rhines*, the Court said that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace*, 544 U.S. at 416–17, 125 S. Ct. 1807 (citing *Rhines*, 544 U.S. at 278, 125 S. Ct. 1528 for the proposition that if the petitioner had good cause for his failure to exhaust, if his unexhausted claims are potentially meritorious, and if there is no indication that the petitioner engaged in intentionally dilatory tactics, then the district court likely "should stay, rather than dismiss, the mixed petition"). *Pace* by its own terms applies to petitioners, "trying in good faith to exhaust state remedies." 544 U.S. at 416, 125 S. Ct. 1807.

*Yeoman*, 875 F.3d at 838–39. In *Yeoman*, the Seventh Circuit concluded that the reasoning of *Pace* did not extend to a petitioner who made a strategic decision not to present all his claims to the state court. *Id.* Unlike in *Pace*, the *Yeoman* petitioner did not find himself running up against his federal filing deadline while in the midst of the exhaustion process. *Id.*

Brown's circumstances are analogous to those in *Yeoman*. His post-conviction proceedings ended nearly a year ago and he took no further action to exhaust his unexhausted claims. He is not seeking to stick his foot in the federal court's door while he currently pursues exhaustion of his claims; he simply has not started the exhaustion process at all despite ample opportunity to do so. Consequently, neither *Pace* nor any other pertinent authority suggest that a stay and abeyance is appropriate here.

In sum, then, Brown has exhausted only his third ground for relief and he is not entitled to a stay and abeyance to complete exhaustion as to the other two grounds. He must either dismiss this petition entirely to

exhaust his unexhausted claims, or he must delete those unexhausted claims from his petition and proceed only on the exhausted claim.

### 3.3 Procedural Default

Having determined that a stay and abeyance cannot be considered in Brown's case, the Court returns to the remaining elements of the screening process. It next reviews Brown's petition to determine whether he has procedurally defaulted on any of his claims. Even though a constitutional claim in a federal habeas petition has been exhausted, the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, is it does not appear that Brown has procedurally defaulted on his properly exhausted claim.

### 3.4 Frivolous Claims

The Court concludes its Rule 4 review by screening for patently frivolous claims in Brown's petition. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Brown's properly exhausted claim, it does not plainly appear that it is frivolous.

Accordingly,

**IT IS ORDERED** that, within **thirty (30) days** of the entry of this Order, Petitioner shall: (1) file a letter seeking dismissal of this action in its entirety to permit him to seek exhaustion of his unexhausted claims in state court; or (2) file a letter indicating that he wishes to proceed only on

his exhausted claim and file an amended petition that does not include the unexhausted claims.

Dated at Milwaukee, Wisconsin, this 5th day of March, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge