# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CORY D. BROWN,<br><br>         Petitioner,<br><br>v.<br><br>WARDEN BOUGHTON,<br><br>         Respondent. | Case No. 18-CV-265-JPS<br><br><br>**ORDER** |

  Petitioner Cory D. Brown ("Brown") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction and sentence were imposed in violation of the Constitution or federal law. (Docket #3). The Court screened the petition in an order dated March 5, 2018. (Docket #7). The Court found that only one out of Brown's three habeas claims was fully exhausted in the Wisconsin state courts. *Id.* at 5–8. As such, the Court gave Brown thirty days to choose whether to dismiss the petition to exhaust the unexhausted claims or delete the unexhausted claims from his petition and proceed with this action. *Id.* at 8–9.

  The Court further found that Brown was not entitled to a stay and abeyance in this action while he proceeded to exhaust his unexhausted claims. *Id.* at 9–13. This is because Brown did not make any meaningful effort to seek exhaustion of his unexhausted claims in the ten months between the end of his first round of post-conviction proceedings and the filing of this action. *Id.* There was, then, no good cause for Brown's failure to exhaust. *Id.*; *Rhines v. Weber*, 544 U.S. 269, 270 (2005).

A few days after the screening order was issued, on March 8, 2018, Brown filed a letter with the Court. (Docket #8). In it, he makes two points. First, he says he does not understand the choice the Court has offered him. *Id.* at 1. He asks a number of questions about the choice, including how much time he would have left to file a federal habeas petition if he dismisses this action now. *Id.* at 3.

Unfortunately, the Court cannot answer this question or explain its order further; the Court is not Brown's lawyer and can offer him no legal advice. Moreover, Brown is not entitled to an attorney in this civil proceeding. He should therefore consult the relevant legal authorities and the facts of his case to determine which of the Court's two options is more prudent. The Court cannot say more.

Brown's second contention is to request reconsideration of the Court's decision to deny him a stay and abeyance, claiming that he has been diligent in trying to exhaust his unexhausted claims. *Id.* at 1–2. Brown explains that he first sought to gather evidence by requesting return of his materials from his lawyer in April 2017. *Id.* The return was delayed until August 2017. *Id.*

Brown also contacted the Wisconsin public defender's office in a letter dated May 9, 2017 seeking counsel, as he did not understand what next steps to take and believed he was entitled to counsel. *Id.* He was not entitled to counsel, however, and the public defender's office did not exercise its discretion to offer him counsel. *Id.* That denial was communicated in a letter dated May 17, 2017. (Docket #8-1 at 3–4). Brown sent the office another letter, dated December 13, 2017, requesting the discretionary appointment of counsel, which was denied in a letter dated January 11, 2018. *Id.* at 7–10.

Finally, in October 2017 Brown requested from this Court a form for submitting a Section 2254 habeas petition. (Docket #8 at 2). He was confused about what it meant to exhaust his claims, so he reported that he had not. *Id.* He reiterates that he believes he has done all he could to exhaust given his confusion about what to do. *See id.*

Brown's narrative does not warrant a reversal of the Court's chosen course. As the Court earlier explained, Brown's confusion about the habeas process, though lamentable, is not a reason justifying his failure to exhaust his claims. His *pro se* status is simply no excuse. (Docket #7 at 11). Moreover, Brown's timeline is full of lengthy gaps that go unaccounted-for, such as the seven months from his receipt of evidence in August 2017 until he filed this proceeding in February 2018, or the four months he suggests it took to draft the habeas petition.

Similarly, his misguided and unsuccessful efforts to secure representation are of no moment. What is lacking is some effort to actually get back into state court to pursue exhaustion of his unexhausted claims. Indeed, Brown's claim of ignorance on this point does not go far, for while he may not understand how to file a post-conviction motion or what a *Knight* petition is, the state public defender warned him in the January 11, 2018 letter that he had not presented his claims to the state court. He should have known this already, but there could be no mistaking the need to file again in state court after receiving this letter.

Consequently, the Court remains steadfast in its belief that, in view of the necessarily limited nature of stay-and-abeyance relief, *Rhines*, 544 U.S. at 277, Brown has not demonstrated good cause for his failure to exhaust his unexhausted claims. As a result, he will not be afforded a stay and abeyance in this case. Instead, he must choose one of the two options

the Court offered him in its screening order by the deadline stated in that order.

**IT IS ORDERED** that Petitioner's request for legal advice and for reconsideration of the Court's screening order (Docket #8) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of March, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge