# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

CORY D. BROWN,

                  Petitioner,

v.

WARDEN BOUGHTON,

                  Respondent.

Case No. 18-CV-265-JPS

**ORDER**

Petitioner Cory D. Brown ("Brown") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction and sentence were imposed in violation of the Constitution or federal law. (Docket #3). The Court screened that petition in an order dated March 5, 2018. (Docket #7). The Court found that only one out of Brown's three habeas claims was fully exhausted in the Wisconsin state courts. *Id.* at 5–8. As such, the Court gave Brown thirty days to choose whether to dismiss the entire petition to exhaust the unexhausted claims or delete the unexhausted claims and proceed only on the exhausted claim. *Id.* at 8–9.

Brown filed a letter and an amended petition on April 4, 2018. (Docket #11, #12). In the letter, Brown states that he wishes to proceed only on his exhausted claim—namely, that his trial attorney was

constitutionally ineffective for failing to seek a court-ordered mental health evaluation. (Docket #11 at 1).[1]

As noted above, the Court instructed Brown to delete any unexhausted claims from his amended petition if he wished to proceed on his exhausted claim. (Docket #7 at 8–9). He did so, but he also added three new claims in his amended petition. *See* (Docket #12 at 6–9). First, Brown says that his trial attorney was ineffective for failing to obtain an independent interview of the victim. *Id.* at 6. Second, trial counsel should have, but did not, object to certain testimony from a witness at trial on hearsay grounds. *Id.* at 8. Third, Brown asserts that the instructions given to the jury were inconsistent with the charging document. *Id.* at 9.

Although the Court did not grant Brown leave to substantively amend his grounds for habeas relief, such leave normally should be freely granted, and the Court will do so in this instance. *See* Fed. R. Civ. P. 15(a)(2).[2] Before ordering Respondent to respond to the amended petition, however, the Court must screen the newly asserted clams under Rule 4 of the Rules Governing Section 2554 Proceedings. The same legal standards set forth in the Court's original screening order apply here as well. *See* (Docket #7 at 2–13).

---

[1]Brown adds that he is attempting to exhaust his unexhausted claims at this time in state court. (Docket #11 at 1). As the Court earlier warned him, there might not be any way for him to join those claims in this case later, even if he should exhaust them during the pendency of these proceedings. (Docket #7 at 8–9). He may instead have to bring them in a second or successive petition. But that is not a matter that need be decided at the present moment.

[2]The Federal Rules of Civil Procedure, including Rule 15(a), are applicable in habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases.

Some of the elements of screening are easily addressed. First, there appears to be no question that each of Brown's new claims has been fully and properly exhausted in the state courts. Brown plucked his new claims out of the set of claims he made in his appeal and post-conviction proceedings. *See State v. Brown*, 2016AP976–CRNM, 2017 WL 689685, at *1–7 (Wis. Ct. App. Feb. 20, 2017). Further, the Wisconsin Court of Appeals' decision does not hint at any procedural failing in Brown's submissions. *See id.* Thus, it seems that Brown exhausted his state court remedies and did not run into procedural default on these new claims. *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004).

Second, it does not appear that any of the three new claims are plainly meritless. Two raise constitutional claims of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), and the other implicates Brown's due-process rights to fair notice of the charges against him and fair jury instructions, *see Falconer v. Lane*, 905 F.2d 1129, 1135 (7th Cir. 1990). While the Court makes no comment on the strength of the claims, it cannot say at this early juncture that they are plainly without merit. *See Ray v. Clements*, 700 F.3d 993, 996 n.1 (7th Cir. 2012).

Finally, the Court must address the timeliness of Brown's three new habeas claims. Brown's period in which to file a federal habeas petition expired on March 20, 2018, as that was one year from the date his state court judgment became final. *See* (Docket #7 at 4–5); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The instant amended petition was filed on April 4, 2018, just over two weeks after that period had elapsed. As such, the new claims appear to be untimely.

Though Brown appears to have missed his deadline for filing these new claims, that does not end the Court's analysis, since he has several avenues by which he might overcome the statute of limitations problem. First, he could show that his new claims relate back to the date of his original petition under Rule 15(c). *See* Fed. R. Civ. P. 15(c); *Mayle v. Felix*, 545 U.S. 644, 663 (2005). This is not an easy showing to make, as it "depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 659. The relation-back doctrine is not broadly applied to allow any claims related to the trial, conviction, or sentence to relate back to the original petition. "If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, [the] limitation period would have slim significance." *Id.* at 662. Moreover, particularly relevant here, several courts have concluded that one ineffective assistance of counsel claim does not automatically relate back to another if the factual bases for the claims are different. *See Vallar v. United States*, No. 12–CV–534, 2013 WL 3147351, at *3 (N.D. Ill. June 19, 2013) (collecting cases).

The untimeliness of a habeas petition can also be overcome by either of two common-law exceptions to the limitations bar: the "actual innocence" gateway and equitable tolling. The actual innocence gateway allows excuse of a procedural default when a petitioner "'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless error.'" *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). In other words, to be entitled to the actual innocence gateway, Brown must show that new

evidence makes it unlikely that he would have been found guilty. *Id.* at 896. The second common-law exception is "equitable tolling." *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Equitable tolling is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quotation omitted). To be entitled to equitable tolling, a petitioner bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 683–84; *Holland v. Florida*, 560 U.S. 631, 649 (2010).

It may be unlikely that Brown can successfully appeal to the relation back doctrine, actual innocence, or equitable tolling in order to save his newly asserted claims from the limitations bar. Yet, given the liberal standard applied at screening, the Court will not conclusively determine those matters here. *See Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004) (courts generally should not dismiss habeas petitions on timeliness grounds without soliciting argument from the parties). Nevertheless, because of the high procedural hurdle Thomas' new claims face, the Court finds it most prudent to order briefing on the statute of limitations issue prior to any argument on the merits of any of the claims, including the original exhausted claim.

The parties will, therefore, present their positions on the timeliness of Brown's new claims in accordance with the following schedule:

| | |
|---|---|
| Respondent's opening brief: | **June 1, 2018** |
| Petitioner's response: | **July 2, 2018** |
| Respondent's reply: | **July 17, 2018** |

These dates are not subject to adjustment. Once briefing is complete, the Court will make a final determination on the timeliness issue. The Court will then order briefing on the merits of any surviving claims, including the original exhausted claim.

Accordingly,

**IT IS ORDERED** that, on or before **June 1, 2018**, Respondent shall file a brief concerning the timeliness of Petitioner's new claims stated in his amended petition. On or before **July 2, 2018**, Petitioner shall file a response to Respondent's brief. On or before **July 17, 2018**, Respondent shall file a reply. There will be no extensions of time granted for the filing of these briefs.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge