# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CORY D. BROWN,

                      Petitioner,

v.

WARDEN BOUGHTON,

                      Respondent.

Case No. 18-CV-265-JPS

**ORDER**

        Petitioner Cory D. Brown ("Brown") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction and sentence were imposed in violation of his constitutional rights. (Docket #3). The Court screened that petition in an order dated March 5, 2018. (Docket #7). The Court found that only one out of Brown's three habeas claims was fully exhausted in the Wisconsin state courts. *Id.* at 5–8. As such, the Court instructed Brown to choose whether to dismiss the entire petition to exhaust the unexhausted claims or delete the unexhausted claims and proceed only on the exhausted claim. *Id.* at 8–9.

        Brown filed a letter and an amended petition on April 4, 2018. (Docket #11, #12). In the letter, Brown stated that he wished to proceed only on his exhausted claim—namely, that his trial attorney was constitutionally ineffective for failing to seek a court-ordered mental health evaluation. (Docket #11 at 1). Yet in the amended petition accompanying his letter, Brown included not only this claim but three brand-new ones. (Docket #12 at 6–9). The Court screened those new claims in an order dated April 17, 2018, finding that all three new claims ran

afoul of the one-year statute of limitations for Section 2254 claims. (Docket #13 at 3–5). The Court afforded the parties an opportunity to brief the timeliness issue before proceeding to the merits on any of the four claims in the amended petition. *Id.*

In accordance with the Court's briefing schedule, Respondent filed a brief on May 21, 2018, addressing Brown's three new claims. (Docket #16). First, says Respondent, the claims are untimely and are not sufficiently closely related to Brown's original claim so as to relate back to the date the original petition was filed. *Id.* at 9–12. Nor, in Respondent's view, could Brown qualify for equitable tolling, as it does not appear that any extraordinary circumstance outside his control prevented him from timely asserting the claims. *Id.* at 12–14; *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014). Further, there was no evidence to support a claim of actual innocence, another avenue to escape the limitations bar. (Docket #16 at 13–14); *Gladney v. Pollard*, 799 F.3d 889, 895–96 (7th Cir. 2015).

Second, Respondent contends that Brown's new habeas claims are procedurally defaulted. (Docket #16 at 4–6). According to the state court record, on February 20, 2017, the Wisconsin Court of Appeals affirmed Brown's convictions, accepted his appellate counsel's no-merit report, and relieved his counsel of further representation of Brown. (Docket #16-7). On April 3, 2017, Brown filed a letter seeking an extension of time to file a petition for review in the Wisconsin Supreme Court. (Docket #16-8). The court denied that request, noting that the 30-day period for filing a petition for review cannot be enlarged and that Brown's letter was filed after that deadline had expired. (Docket #16-9). Brown never filed a petition for review.

Brown thus never presented his federal habeas claims to the Wisconsin Supreme Court. (Docket #16 at 5); *Moore v. Casperson*, 345 F.3d 474, 484–85 (7th Cir. 2003). Moreover, says Respondent, Brown cannot now raise them, as Wisconsin law precludes a successive post-conviction motion asserting grounds that could have been raised in a prior motion. (Docket #16 at 6). Finally, Respondent argues that the Wisconsin Supreme Court disposed of Brown's habeas claims on an adequate and independent state law ground—the untimeliness of his petition for review—which effectively precludes habeas review in federal court. *Id.* at 7–9; *Madyun v. Young*, 852 F.2d 1029, 1035 (7th Cir. 1988); *Buelow v. Dickey*, 847 F.2d 420, 429 (7th Cir. 1988).

Brown had until July 2, 2018 to file a response to Respondent's brief on his three new claims. (Docket #13 at 5). The Court warned both parties in its screening order that there would be "no extensions of time granted for the filing of these briefs." *Id.* at 6. Brown did not heed the warning; he has filed nothing in this matter since his letter and amended petition of April 4. Because the deadline set by the Court to address Respondent's contentions has long since passed, the Court finds that Brown has conceded all of Respondent's arguments. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010); *Perotti v. Holt*, 483 F. App'x 272, 275 (7th Cir. 2012).

Moreover, it would be highly unlikely that Brown could overcome the numerous obstacles standing between him and a merits review of his three new habeas claims, even had he timely filed a response brief. Respondent's arguments concerning procedural default and timeliness appear well-founded in the law and the record. Thus, the Court will

dismiss Brown's three new habeas claims and order further proceedings as to his one remaining claim.

Accordingly,

**IT IS ORDERED** that Grounds One, Three, and Four of Petitioner's amended petition for a writ of habeas corpus (Docket #12) be and the same are hereby **DISMISSED** as untimely and procedurally defaulted;

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule with respect to Petitioner's sole remaining claim, Ground Two of his amended petition (Docket #12 at 7–8):

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the amended petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

    b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within

sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

      c.      Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

      a.      Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

      b.      Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L. R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the petitioner shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[1] If the petitioner is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the Clerk of the Court, Petitioner need not mail to counsel for Respondent copies of documents submitted to the Court.

Dated at Milwaukee, Wisconsin, this 27th day of July, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge