# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CORY D. BROWN,

         Petitioner,

v.

WARDEN BOUGHTON,

         Respondent.

Case No. 18-CV-265-JPS

**ORDER**

  Petitioner Cory D. Brown ("Brown") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his conviction and sentence were imposed in violation of his constitutional rights. (Docket #3). The Court screened that petition in an order dated March 5, 2018. (Docket #7). The Court found that only one out of Brown's three habeas claims was fully exhausted in the Wisconsin state courts. *Id.* at 5–8. As such, the Court instructed Brown to choose whether to dismiss the entire petition to exhaust the unexhausted claims or delete the unexhausted claims and proceed only on the exhausted claim. *Id.* at 8–9.

  Brown filed a letter and an amended petition on April 4, 2018. (Docket #11, #12). In the letter, Brown stated that he wished to proceed only on his exhausted claim—namely, that his trial attorney was constitutionally ineffective for failing to seek a court-ordered mental health evaluation. (Docket #11 at 1). Yet in the amended petition accompanying his letter, Brown included not only this claim but three brand-new ones. (Docket #12 at 6–9). The Court screened those new claims in an order dated April 17, 2018, finding that all three new claims ran

afoul of the one-year statute of limitations for Section 2254 claims. (Docket #13 at 3–5). The Court afforded the parties an opportunity to brief the timeliness issue before proceeding to the merits on any of the four claims in the amended petition. *Id.*

In accordance with the Court's briefing schedule, Respondent filed a brief on May 21, 2018, addressing Brown's three new claims. (Docket #16). Respondent argued that the new claims were both barred by the statute of limitations and were procedurally defaulted. *Id.* at 2–3. Brown declined to respond to Respondent's brief in any fashion. (Docket #17 at 3). The Court therefore concluded that Respondent's arguments had been conceded and it dismissed the three new habeas claims on July 27, 2018. *Id.* at 3–4.

In that same order, the Court set a briefing schedule for the remaining claim. *Id.* at 4–5. Consistent with that schedule, on August 6, 2018 Respondent filed a motion to dismiss. (Docket #18). As with the three new claims, Respondent contends in the motion that the sole remaining habeas claim is procedurally defaulted because it was never presented to the Wisconsin Supreme Court in a timely petition for discretionary review. (Docket #19 at 6–7); *see also* (Docket #17 at 2–3). Further, because the Wisconsin Supreme Court did not accept Brown's untimely request for discretionary review under the rule of *First Wisconsin National Bank of Madison v. Nicholaou*, 274 N.W.2d 704, 705 (Wis. 1979), there is an adequate and independent state law ground for the state court's decision, effectively foreclosing federal habeas review. (Docket #19 at 8–10); *Madyun v. Young*, 852 F.2d 1029, 1035 (7th Cir. 1988); *Buelow v. Dickey*, 847 F.2d 420, 429 (7th Cir. 1988).

Brown's brief in opposition to this motion to dismiss was due no later than September 5, 2018. (Docket #17 at 5). As before, Brown has filed nothing and has not communicated with the Court in any fashion. He has thus twice flouted the Court's scheduling orders and the Court is therefore obliged to again conclude that he has conceded all of Respondent's arguments. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010); *Perotti v. Holt*, 483 F. App'x 272, 275 (7th Cir. 2012). Further, as with his three new habeas claims, it would have been nearly impossible for Brown to overcome the obvious procedural default as to his sole remaining claim. Thus, the Court will dismiss Brown's remaining habeas claim, and with it, the case as a whole.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Brown must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). In this case, no reasonable jurists could debate whether Brown's claims could survive the limitations bar or procedural default. Indeed, because he has not responded to Respondent's arguments on these issues, it appears Brown does not debate the points either. As a consequence, the Court is compelled to deny him a certificate of appealability.

Finally, the Court closes with some information about the actions that Brown may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *Id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss (Docket #18) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner's amended petition for a writ of habeas corpus (Docket #12) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of September, 2018.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge